# United States District Court
# Northern District of Alabama
# Middle Division

| | |
|---|---|
| Thomas J. Fortenberry, ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| vs. ] | |
| ]  CV-96-N-1016-M | |
| Ron Jones, Commissioner of the ] | |
| Alabama Department of Corrections, ] | |
| ] | |
| Respondent. ] | |

**ENTERED**

APR 6 2001

## Memorandum Opinion

Before the Court is the petitioner's Second Motion for an Evidentiary Hearing (Doc. 27),[1] in which he requests an evidentiary hearing regarding the matters asserted in his habeas petition which is also pending before the Court.[2] Additionally, the Court has for consideration the Petitioner's Rule 7 Motion to Expand the Record (Doc 26). For the reasons set forth below, the Second Motion for an Evidentiary Hearing is due to be denied, and the Petitioner's Rule 7 Motion to Expand the Record is due to be granted in part and denied in part.

---

[1] References herein to "Doc. ___" are to the docket number assigned a particular pleading by the Clerk of Court and which are located in the lower right-hand corner of the documents.

[2] Petitioner's first Motion for an Evidentiary Hearing (Doc. 17) was denied without prejudice by the Court. (Doc. 18.)



**I.    Second Motion for Evidentiary Hearing**

The petitioner states that the Court must grant him an evidentiary hearing under *Townsend v. Sain*, 372 U.S. 293, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963), *overruled in part*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992), in which the Court held that an evidentiary hearing must be held on habeas claims when

1. the merits of the factual dispute were not resolved in the state hearing;

2. the state factual determination is not fairly supported by the record as a whole;

3. the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing;

4. there is a substantial allegation of newly discovered evidence;

5. the material facts were not adequately developed at the state court hearing; or

6. for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Townsend*, 372 U.S. at 313. The Eleventh Circuit has stated that "[a]n evidentiary hearing is necessary whenever a habeas petition alleges facts that, if true, establish his or her right to relief." *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987), *cert. denied*, 487 U.S. 1205, 108 S. Ct. 2846, 101 L. Ed. 2d 884 (1988). A habeas petitioner

> bears the burden of demonstrating facts sufficient to warrant an evidentiary hearing. *Raulerson v. Wainwright*, 732 F.2d 803, 813 (11th Cir.), *cert. denied*, 469 U.S. 966, 105 S. Ct. 366, 83 L. Ed. 2d 302 (1984). A court is not required to "blindly accept speculative and inconcrete claims" as a basis upon which a hearing will be ordered. *Dickson v. Wainwright*, 683 F.2d 348, 351 (11th Cir. 1982) (citations omitted).

*McLeod v. Dugger*, 735 F. Supp. 1011, 1014 (M.D. Fla. 1990).

The petitioner argues that he is entitled to an evidentiary hearing under the first and second *Townsend* factors because of the allegedly erroneous state court finding that petitioner's trial counsel requested a continuance of the penalty phase to gain a cooling-off period for the jury. (Pet'r's Br. in Supp. of his Second Mot. for an Evidentiary Hr'g at 10-12.) The petitioner complains that this finding was not supported by specific findings of fact and that it conflicts with evidence that counsel wanted a continuance merely because they were unprepared (*Id.*) Even if the petitioner is correct that this finding is conclusory and inconsistent with the record evidence, he is not entitled to relief or an evidentiary hearing. In section III.C.1.b. of the Court's memorandum opinion addressing the petitioner's habeas claims (issued concurrently herewith) (the "habeas opinion"), the Court essentially disregards the challenged finding, yet still rejects the petitioner's claim that trial counsel rendered ineffective assistance at the penalty phase. In other words, the Court took as true the petitioner's allegation that counsel was, contrary to the challenged finding, simply unprepared to offer mitigating evidence, but still concluded that counsel's lack of investigation did not prejudice the petitioner so as to warrant habeas relief on ineffective assistance grounds. In so finding, the Court determined that, even if trial counsel had presented the mitigating evidence offered by the petitioner in these proceedings [Doc. 17 at Exs. A-K], the result of the state court proceedings would have been the same. Thus, even assuming the petitioner's allegation is true, he would still be due no habeas relief. *Townsend*, 372 U.S. at 312-13. The petitioner is therefore not entitled to an evidentiary hearing under the first or second *Townsend* factors due to the allegedly incorrect finding.

The petitioner argues that he is entitled to an evidentiary hearing under the third *Townsend* factor because, by adopting the findings and conclusions proposed by the state, the Rule 20 trial court employed an inadequate fact-finding procedure and failed to afford him a full and fair hearing. Although the Supreme Court has criticized the judicial practice of adopting one party's proposed findings of fact, it has refused to reject such findings as a matter of course. The Court stated as follows:

> We, too, have criticized courts for their verbatim adoption of findings of fact prepared by prevailing parties, particularly when those findings have taken the form of conclusory statements unsupported by citation to the record. *See, e.g., United States v. El Paso Natural Gas Co.*, 376 U.S. 651, 656-657, 84 S. Ct. 1044, 1047-1048, 12 L. Ed. 2d 12 (1964); *United States v. Marine Bancorporation*, 418 U.S. 602, 615, n. 13, 94 S. Ct. 2856, 2866, n. 13, 41 L. Ed. 2d 978 (1974). We are also aware of the potential for overreaching and exaggeration on the part of attorneys preparing findings of fact when they have already been informed that the judge has decided in their favor. *See* J. Wright, *The Nonjury Trial--Preparing Findings of Fact, Conclusions of Law, and Opinions, Seminars for Newly Appointed United States District Judges* 159, 166 (1962). Nonetheless, our previous discussions of the subject suggest that even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous. *United States v. Marine Bancorporation, supra*, [418 U.S.] at 615, n. 13, 94 S. Ct., at 2866, n. 13; *United States v. El Paso Natural Gas Co., supra*, 376 U.S., [651] at 656-657, 84 S. Ct., [1044] at 1047-1048, [12 L. Ed. 2d 12 (1964)].

*Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 572, 105 S. Ct. 1504, 1510-11, 84 L. Ed. 2d 518 (1985).

Because the trial court in *Anderson* had provided guidance to the party submitting the findings, had allowed the other party time to respond, and had changed the proposed findings to some extent before adopting them, the Court found "no reason to doubt that the findings issued by the [trial court] represent the judge's own considered conclusions."

4

*Anderson*, 470 U.S. at 573. The Court then concluded that "[t]here is no reason to subject those findings to a more stringent appellate review than is called for by the applicable rules." *Id.* at 573.

Although *Anderson* is a non-habeas case in which the findings of fact reviewed were those of a federal district court, not a state court, it instructs that findings of fact proposed by a party and adopted by a court are not to be rejected, or even subjected to a different standard of review, merely because they were proposed by one of the parties and adopted by the court, unless there is "reason to doubt that the findings issued by the [trial court] represent the judge's own considered conclusions." *Anderson*, 470 U.S. at 573.

The Eleventh Circuit also has criticized the practice of allowing a party to "ghostwrite" orders, but has stated that "such orders will be vacated only if a party can demonstrate that the process by which the judge arrived at them was 'fundamentally unfair.'" *In re Dixie Broadcasting*, 871 F.2d 1023, 1030 (11th Cir.), *cert. denied*, 493 U.S. 853, 110 S. Ct. 154, 107 L. Ed. 2d 112 (1989). In refusing to vacate one such order, the Eleventh Circuit cited several reasons, including the fact that the court had requested a draft order in the presence of all counsel and the parties had ample opportunity to argue their case through briefs and oral argument. *Id.* at 1030; *see also McBride v. Sharpe*, 25 F.3d 962, 971 at n.12 (11th Cir.), *cert. denied*, 513 U.S. 990, 115 S. Ct., 130 L. Ed. 2d 401 (1994) (rejecting petitioner's contention that state habeas court's fact-finding procedure was inadequate simply because that court had adopted a proposed order drafted by the state).

In this case, there is no indication that the adopted opinion failed to represent the judge's "own considered conclusions" or that the process by which he arrived at the order

was "fundamentally unfair." The parties had ample opportunity to present their arguments in briefs and oral argument. The judge openly solicited from each party proposed findings and conclusions and post-hearing briefs, which were scheduled so as to allow the petitioner to have the final reply.[3] (Rule 20 Tr. 352-54.)[4] After the state submitted its proposed opinion and order, the petitioner responded to it, complaining that the state had not filed a response to his initial post-hearing brief and that the proposed opinion contained unsupported legal conclusions and did not adequately address the claims regarding alleged *Brady* violations.[5] (Rule 20 R. 204-06.) It appears that the petitioner neither submitted his own findings and conclusions nor did he otherwise attempt to point out specific alleged deficiencies in the state's proposed opinion and order (*Id.*)

The findings, as adopted, are not conclusory and are based upon the evidence (*See* Tab R-44.) The court's conclusions are based upon consideration of that evidence and applicable legal authority (*See id.*) This, combined with the opportunity afforded by the court to the parties for argument, submission of proposed findings and conclusions, and reply thereto, as well as the attentive demeanor of the court reflected in the transcript of the Rule 20 hearing, indicates that the Rule 20 court did not take the proposed findings and conclusions at face value.

---

[3] The court told the parties that they could submit a proposed order, but that "[t]he court may or may not adopt it, might amend it, whatever. I am not opposed to doing that if you think that your clients are best served by doing that." (Rule 20 Tr. at 352.)

[4] The Court will use the term "Rule 20 R. __" to refer to the state court record of the Rule 20 proceedings, except that the term "Rule 20 Tr. __" shall refer to the 361-page transcript of the Rule 20 hearing before the state trial court (see Tab R-45.)

[5] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

The Court will therefore decline to treat the opinion of the Rule 20 court any differently than it would the opinion of a court that did not adopt the proposed findings and conclusions of the prevailing party. Neither will the court view the opinion as proof that the Rule 20 court failed to use adequate fact-finding procedures or to adequately resolve factual questions simply because that court adopted one party's proposed findings of fact and conclusions of law. The findings of the Rule 20 court are therefore entitled to the presumption of correctness, and they shall not serve as a basis upon which to find that the petitioner is entitled to an evidentiary hearing in this proceeding.

The petitioner argues that he is entitled to an evidentiary hearing under the fourth *Townsend* factor because of "new evidence" consisting of affidavit testimony given by the petitioner's family and friends (Doc. 17 at Exs. A-K) and because of "new evidence" that trial counsel failed to conduct an investigation of the petitioner's mental health history. (*See* Pet'r's Br. in Supp. of his Second Mot. for an Evidentiary Hr'g at 14-16.) The petitioner does not present "a substantial allegation of newly discovered evidence" under *Townsend*, however. It appears that all of this evidence could have been discovered before and presented during the Rule 20 proceedings. As is set forth in the Court's habeas opinion, evidence that could have been but was not presented to the state courts should not be considered by this Court.[6] The petitioner's motion for an evidentiary hearing must therefore fail under the fourth *Townsend* factor.

---

[6] In addition, the Court found in section III.C.1.b. of the habeas opinion that, even if it considered the affidavits offered by the petitioner in these proceedings (Doc. 17 at Exs. A-K), he would be due no habeas relief because the affidavits would not have changed the result of his state court proceedings.

7

The petitioner further argues that he is due an evidentiary hearing under the fifth *Townsend* factor because the material facts were not adequately developed at the state court hearing. The petitioner specifically complains that the record was not adequately developed with respect to jury selection and ineffective assistance at the penalty stage. The Court notes that, on post-conviction review, the Rule 20 court held an evidentiary hearing in which the petitioner had ample opportunity to present evidence and testimony with respect to both of these issues. In fact, the petitioner did present evidence and testimony with respect to many of the claims he raises in his habeas petition. During that Rule 20 hearing, the petitioner's current counsel[7] elicited testimony from the attorneys who represented the petitioner at trial and on direct appeal. There is no indication that they were precluded from presenting other testimony or evidence at the Rule 20 hearing. The petitioner and his counsel simply come to this Court to request further fact-finding that they apparently neglected to do during the Rule 20 proceedings.

In reviewing the denial of such a motion in another habeas case, the Eleventh Circuit stated as follows:

> Tompkins received an evidentiary hearing in state court on his Rule 3.850 petition, which raised much of the same issues as he raised in his later federal habeas petition. The district court denied Tompkins an evidentiary hearing so he could present additional evidence in federal court, because he failed to show cause and prejudice for not presenting that evidence in the state court proceeding, a showing required under *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992). Such a showing should not have been required of him, Tompkins argues, because in his view

---

[7] The petitioner is now represented by the same firm that represented him during Rule 20 proceedings.

8

> *Keeney's* cause and prejudice test is not applicable where the state court held an evidentiary hearing. That view is incorrect.
>
> *Keeney* itself involved a case in which an evidentiary hearing was denied in federal court after one had been held in state court. *See id.* at 4, 112 S. Ct. at 1716 ("After a hearing, the state court dismissed respondent's petition . . ."). Thus, the very decision announcing that the cause and prejudice test is applicable where the federal petitioner had failed to develop material facts in a state court proceeding is itself authority for the proposition that the test applies when there has been an evidentiary hearing in state court. The *Keeney* rule has been applied many times in this context. *See, e.g., Williams v. Turpin*, 87 F.3d 1204, 1208 (11th Cir. 1996); *Mills v. Singletary*, 63 F.3d 999, 1022 (11th Cir. 1995); *Mathis v. Zant*, 975 F.2d 1493, 1497 (11th Cir. 1992). The district court properly applied the *Keeney* rule with its cause and prejudice test, and the court did not err in concluding that Tompkins had failed to proffer adequate evidence of cause and prejudice (or actual innocence, which is an exception to the cause and prejudice requirement).

*Tompkins v. Moore*, 193 F.3d 1327, 1332 (11th Cir. 1999).

In this case, the petitioner has not alleged any cause or prejudice regarding his failure during Rule 20 proceedings to present the evidence he seeks to present in this Court, including the "new" affidavit evidence[8] (Doc. 17 at Exs. A-K), and the "new evidence" that trial counsel failed to conduct an investigation of the petitioner's mental health history. (*See* Pet'r's Br. in Supp. of his Second Mot. for an Evidentiary Hr'g at 15.) He has also failed to make an adequate showing of actual innocence, as is discussed in the habeas opinion. Absent such showings, the petitioner is not entitled to use an evidentiary hearing in this proceeding to fill evidentiary deficiencies left over from state court proceedings, during which he could have presented such evidence.

---

[8] As is set forth above, the Court considered these affidavits in section III.C.1.b. of the habeas opinion and found that the omission to present such evidence at trial did not prejudice the petitioner during state court proceedings.

9

The petitioner further argues that he is entitled to an evidentiary hearing under the sixth *Townsend* factor because the state court did not afford him a full and fair fact hearing. Primarily, the petitioner argues that ineffective assistance of counsel and the failure of the authorities to release exculpatory materials to the defense impeded his ability to obtain a full and fair fact hearing in state court. The Court initially notes that, in the habeas opinion, it found the petitioner's ineffective assistance claims to be meritless, and he is not entitled to bring new ineffective assistance claims now. Further, the petitioner and his counsel had ample opportunity to and did thoroughly explore this issue at the Rule 20 hearing. The exculpatory materials allegedly withheld by the authorities were considered by this Court in the habeas opinion, and the absence of those materials at trial was found not to have prejudiced the petitioner's case. There is no indication that other exculpatory materials exist that were not ultimately disclosed to the petitioner and that would have, if disclosed, resulted in the petitioner winning habeas relief. The petitioner is therefore not entitled to an evidentiary hearing under the sixth *Townsend* factor.

The petitioner further argues that the Court should exercise its discretion to grant the petitioner an evidentiary hearing. (Pet'r's Br. in Supp. of his Second Mot. for an Evidentiary Hr'g at 18-20.) The Court is not inclined to do so, however. First, the petitioner argues that the Court should hold a hearing on certain exculpatory evidence that was not disclosed by the authorities in compliance with *Brady*. The petitioner had a sufficient opportunity to and did present this evidence during the state post-conviction proceedings. Also, as is set forth in the Court's habeas opinion, even if the Court considered this evidence, the petitioner would still not be entitled to habeas relief.

Second, the petitioner asserts that this Court should hold an evidentiary hearing on his *Batson* claims. As is set forth in section III.C.7. of the Court's habeas opinion, however, the petitioner's *Batson* claims are procedurally defaulted, so an evidentiary hearing as to those claims is unwarranted.

Next, the petitioner argues that the Court should hold an evidentiary hearing on the claims properly preserved for federal review and on the issue of cause and prejudice. The petitioner offers no persuasive reason why the Court should hold an evidentiary hearing on these matters, however. The Court also notes that the petitioner had ample opportunity to present such evidence during state post-conviction proceedings. The Court is therefore not inclined to use its discretion to afford the petitioner an evidentiary hearing.

The petitioner's argument that he is entitled to an evidentiary hearing is thus without merit, and the Court cannot grant the petitioner an evidentiary hearing. The petitioner's request for an evidentiary hearing in this matter is therefore due to be denied. An appropriate order will be issued concurrently herewith.

## II. Rule 7 Motion to Expand the Record

The petitioner offers several documents in this motion, asking that they now be included in the record. These records consist of (1) notes regarding juror voir dire and juror strike sheets provided to the petitioner by the state Attorney General and (2) the state's proposed opinion and order of February 24, 1993, in *Fortenberry v. Alabama*, CC-85-516.60-DWS. (Doc. 26 at Exs. A-B.)

The Court is not inclined to exercise its discretion under Rule 7 of the Rules Governing Section 2254 Cases–28 U.S.C. foll. § 2254 (1994) to admit the juror notes and

11

strike sheets into the record. These should have been offered as a part of the state post-conviction proceedings, and there has been no showing as to why they were not offered until now. Even if they were admitted into the record, they would not allow the petitioner to obtain habeas relief.

As the Court states in section III.C.7. of its Memorandum Opinion addressing the petitioner's Second Amended Petition for Writ of Habeas Corpus, the offered juror notes and strike sheets do not demonstrate that petitioner can present a prima facie case of purposeful discrimination under *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), and the petitioner does little to demonstrate how this evidence helps him present such a case, other than to say that the notes indicate that "the prosecutors may have identified prospective jurors by race and gender" and that "the prosecutors may have struck at least six African-Americans from the venire." (Pet'r's Br. in Supp. of his Second Mot. for an Evidentiary Hr'g at 16.) Thus, even assuming that the petitioner could obtain a merits review of his *Batson* claim despite his procedural default thereof, the juror notes and strike sheets would not allow the petitioner to establish a prima facie *Batson* case or to show that he is entitled to habeas relief based upon *Batson* violations allegedly occurring during his trial. They would not enable the petitioner to obtain an evidentiary hearing in this proceeding, since they should have been investigated and offered during Rule 20 proceedings.

The Rule 7 Motion to Expand the Record is due to be granted with respect to the proposed opinion and order, since it was only during post-conviction proceedings that they were proposed by the state and adopted by the Court, and since it appears that they are

not included in the record of post-conviction proceedings. The inclusion of this proposed opinion and order does not demonstrate, however, that the petitioner is entitled to an evidentiary hearing, as is explained hereinabove.

### III. Conclusion

In accordance with the analysis set forth above, the Court finds that Petitioner's Second Motion for an Evidentiary Hearing is due to be denied and that Petitioner's Rule 7 Motion to Expand the Record is due to be granted in part and denied in part. An appropriate order will be entered.

**Done**, this _____ of April 2001.

_____
Edwin Nelson
United States District Judge

13